| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>Denver City and County Building<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202<br>Telephone: (720) 865-8301 | DATE FILED: May 1, 2014 3:12 PM<br>FILING ID: 789E592645533<br>CASE NUMBER: 2014CV31758 |
| Montview Boulevard Presbyterian Church, a Colorado nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>Church Mutual Insurance Company, a Wisconsin insurance company,<br><br>Defendant. | <br><br>COURT USE ONLY<br>――――――――<br>Case Number<br><br>Div. |
| Marie E. Drake, Atty. Reg. No. 30754<br>Angela M. Schmitz, Reg. No. 42065<br>THE DRAKE LAW FIRM, P.C.<br>1621 18th Street, Suite 260<br>Denver, Colorado 80202<br>Telephone: (303) 261-8111<br>Facsimile: (303) 261-8199<br>E-Mail: marie@thedrakelawfirm.com<br>         angie@thedrakelawfirm.com | |
| **COMPLAINT AND DEMAND FOR JURY TRIAL** | |

Plaintiff, Montview Boulevard Presbyterian Church, (hereinafter "Montview"), by and through its attorneys, Childress Duffy, Ltd. and The Drake Law Firm, P.C., and submits its Complaint and Demand for Jury Trial against Church Mutual Insurance Company, (hereinafter "Church Mutual"), and in support of its Complaint, states as follows:

### GENERAL ALLEGATIONS

1. At all relevant times hereto, Montview is and has been a non-profit corporation of Colorado, located at 1980 Dahlia Street, Denver, Colorado 80220 (hereinafter referred to as the "insured premises").

2. At all relevant times hereto, Defendant, Church Mutual, is and has been a Wisconsin corporation authorized to do business in the State of Colorado.

3. Pursuant to C.R.C.P. 98 venue is proper in the District Court in and for the City and County of Denver.

1



4. Church Mutual issued an insurance policy to Montview, Policy Number 0226224-02-092707, for the insured premises with a policy period of July 27, 2009 through July 27, 2012. The Policy is attached as Exhibit 1 (hereinafter the "Policy")

5. By and through the Policy, Church Mutual agreed to insure against direct physical loss or damage to the insured premises unless otherwise limited or excluded and to pay all amounts owed for such losses, including replacement cost value

6. Montview paid the premiums due on the Policy in a timely manner, and performed all duties and responsibilities required of it under the Policy, or alternatively has been excused from performance by Church Mutual's acts, representations, and/or conduct.

7. On or around May 5, 2012, the insured premises sustained direct physical loss due to a covered event; namely, a wind and/or hail storm (hereafter "the loss").

8. The Policy was in full force and effect at the time of the loss.

9. Montview properly submitted a claim to Church Mutual for insurance benefits due under the Policy for the loss and fulfilled all other duties required of it under the Policy.

10. Church Mutual hired an adjuster to inspect and to adjust the loss. On information and belief, this adjuster concluded that covered damage occurred to the exterior insured premises, including the roof, due to a covered cause of loss.

11. However, Church Mutual grossly undervalued the amount and extent of the loss.

12. Due to Church Mutual's claim determination, Montview was compelled to institute appraisal proceedings to achieve a fair investigation and claim payment.

13. On September 30, 2013, after a lengthy appraisal proceeding, the appraisal panel signed an award finding $268,168.54 in covered damage.

14. Throughout the appraisal process, Church Mutual continued to communicate and direct its appraiser and otherwise interfered with the independence of its appraiser and the appraisal panel.

### FIRST CLAIM FOR RELIEF:
### (Common Law Bad Faith)

15. Montview incorporates its allegations set forth in Paragraphs 1 through 14 of this Complaint as if fully restated here.

16. Under Colorado law, an insurer owes its insured the duty of good faith and fair dealing.

17. An insurer breaches its duty of good faith and fair dealing when it engages in any of the following conduct:

    a. Misrepresenting pertinent facts or insurance policy provisions relating to the claim resulting in under-valuation and/or payment of claim benefits owed;

    b. Failing to adopt and implement reasonable standards for the fair and prompt investigation of claims arising under insurance policies;

    c. Failing to conduct a full and fair investigation based upon all available information before deciding coverage and amounts owed in a claim;

    d. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims without the need for appraisal;

    e. Waiting until insured has demanded appraisal to conduct a full and fair claim investigation;

    f. Compelling insured to institute appraisal proceedings to recover amounts due under an insurance policy by offering substantially less than the amounts owed.

    g. Forcing the insured to incur the time and expense of an appraisal proceeding simply to attempt to achieve a fair resolution of a covered claim; and

    h. Forcing the insured to incur the time and expense of an appraisal proceeding simply to attempt to receive a fair and unbiased investigation of a claim by an insurer.

18. Church Mutual breached its duty of good faith and fair dealing by:

    a. Misrepresented pertinent facts or insurance policy provisions relating to the claim resulting in under-valuation of claim benefits owed initially in the claim;

    b. Failing to adopt and implement reasonable standards for the fair and prompt investigation of this claim;

    c. Failing to conduct a full and fair investigation based upon all available information before deciding the amount owed in the claim;

    d. Not attempting in good faith to effectuate prompt, fair, and equitable settlement of this claim without the need for appraisal;

    e. Waiting until Montview demanded appraisal to conduct a full and fair claim investigation;

   f. Compelling Montview to institute appraisal proceedings to recover amounts due under the insurance policy by offering substantially less than the amounts owed.

   g. Forcing Montview to incur the time and expense of an appraisal proceeding simply to attempt to achieve a fair resolution of the covered claim; and

   h. Forcing Montview to incur the time and expense of an appraisal proceeding simply to attempt to receive a fair and unbiased investigation by Church Mutual.

 19. As a direct and expected result of Defendant Church Mutual's breach of its duty of good faith and fair dealing, Montview:

   a. Did not timely receive all Policy benefits owed to indemnify it for the entire loss;

   b. Incurred and will incur in the future costs to repair, restore and/or replace the significant property damage and costs for appraisal;

   c. Suffered and will continue to suffer incidental and consequential damages, within the contemplation of the parties in the event of breach; and

   d. Suffered and will continue to suffer other expenses incurred as a result of Church Mutual's unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including the fees and costs necessary to litigate.

 20. Church Mutual's conduct was attended by circumstances of willful, wanton and reckless disregard for the rights and interests of its insured, Montview, and is of a nature that justifies an award of punitive damages to punish and deter such misconduct in the future.

 21. Plaintiff, Montview is entitled to judgment in its favor and against Defendant, Church Mutual Insurance Company, on the First Claim For Relief for compensatory damages for its losses, including prejudgment interest; costs and reasonable attorneys' fees in accordance with applicable law..

## SECOND CLAIM FOR RELIEF:
### (Bad Faith Breach of an Insurance Contract)
### CRS §§ 10-3-1115 and -1116

 22. Montview incorporates its allegations set forth in Paragraphs 1 through 21 of this Complaint as if fully restated here.

23. Under C.R.S. § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

24. In breach of its duty to Montview, Church Mutual, without a reasonable basis, delayed and denied benefits owed to Montview by engaging in the following conduct:

  a. Misrepresented pertinent facts or insurance policy provisions relating to the claim resulting in under-valuation of claim benefits owed initially in the claim;

  b. Failing to adopt and implement reasonable standards for the fair and prompt investigation of this claim;

  c. Failing to conduct a full and fair investigation based upon all available information before deciding the amount owed in the claim;

  d. Not attempting in good faith to effectuate prompt, fair, and equitable settlement of this claim without the need for appraisal;

  e. Waiting until Montview demanded appraisal to conduct a full and fair claim investigation;

  f. Compelling Montview to institute appraisal proceedings to recover amounts due under the insurance policy by offering substantially less than the amounts owed.

  g. Forcing Montview to incur the time and expense of an appraisal proceeding simply to attempt to achieve a fair resolution of the covered claim;

  h. Forcing Montview to incur the time and expense of an appraisal proceeding simply to attempt to receive a fair and unbiased investigation by Church Mutual.

25. As a direct and proximate result of Defendant Church Mutual's actions, Montview:

  a. Did not timely receive all Policy benefits owed to indemnify it for the entire loss;

  b. Incurred and will incur in the future costs to repair, restore and/or replace the significant property damage and costs for appraisal;

  c. Suffered and will continue to suffer incidental and consequential damages, within the contemplation of the parties in the event of breach; and

   d. Suffered and will continue to suffer other expenses incurred as a result of Church Mutual's unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including the fees and costs necessary to litigate.

  26. C.R.S. § 10-3-1116 authorizes a first-party claimant whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit.

  27. Plaintiff, Montview is entitled to judgment in its favor and against Defendant, Church Mutual Insurance Company, on its Second Claim for Relief as authorized by applicable statute, including prejudgment interest; reasonable attorney fees and costs in accordance with applicable law; court costs; and two times the covered benefit.

WHEREFORE, Plaintiff, Montview Boulevard Presbyterian Church, prays as follows:

A. On its First Claim for Relief, for judgment in its favor and against the Defendant, Church Mutual Insurance Company for all unpaid covered benefits owed under the Policy;

B. On its Second Claim for Relief, for judgment in its favor and against the Defendant, Church Mutual Insurance Company Two times the amount of all covered benefits owed under the Policy;

C. Costs, expert witness fees, attorneys' fees incurred in prosecuting its claims against Church Mutual Insurance Company;

D. Other damages resulting from Church Mutual Insurance Company's bad faith, including out-of-pocket expenses, costs of ongoing damages and exemplary damages resulting from Church Mutual Insurance Company's bad faith refusal to pay for the full loss and damage to Montview Boulevard Presbyterian Church's property, both real and personal;

E. Pre- and post-judgmetn interest; and

F. For any further relief deemed appropriate by the Court.

**PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

DATED this 1st day of May, 2014.

Respectfully submitted,

THE DRAKE LAW FIRM, P.C.

_s / Marie E. Drake_
Marie E. Drake, Reg. No. 30754
The Drake Law Firm, P.C.
1621 18th Street, Suite 260
Denver, CO 80202
Telephone: 303-261-8111
Fax: 303-261-8199
Counsel for Plaintiff

CHILDRESS DUFFY, LTD.

_s / Andrew Plunkett_
500 N. Dearborn, Ste. 1200
Chicago, IL 60654
Telephone: (312) 494-0200
Fax: (312) 494-0202
Counsel for Plaintiff

Plaintiff's Address:
1980 Dahlia Street
Denver, Colorado 80220