## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil action no: 1:14-cv-01635-MSK-KMT

MONTVIEW BOULEVARD PRESBYTERIAN CHURCH,
a Colorado nonprofit corporation,

Plaintiff,

vs.

CHURCH MUTUAL INSURANCE COMPANY,
a Wisconsin insurance company,

Defendant.

## AGREED PROTECTIVE ORDER

Defendant, Church Mutual Insurance Company ("Church Mutual"), by and through its undersigned counsel, and pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure and the mandate set forth in Elio v. BC Servs., Inc., 2012 U.S. Dist. LEXIS 140529 (D. Colo. Sept. 28, 2012) respectfully moves the Court to enter an Order reflecting to the following terms and conditions regarding discovery in this case.  This Agreed Protective Order ("Protective Order") is limited to pretrial discovery.  If a party desires documents or information produced to be sealed from public record at a hearing or trial, the party or nonparty must comply with Federal Rule of Civil Procedure 26(c), and demonstrate good cause for such action as set forth in paragraph eight below.

The parties request that this Court approve the terms of this Protective Order, as follows:

### 1.    Definition of Confidential Information

As used herein, the term "Confidential Information" means information or documents of any kind (including any response to any interrogatory or request for production) that:

(a) Contain trade secret information, as defined by the Colorado Uniform Trade Secrets Act, C.R.S. §§ 7-74-101 through 7-74-110 (2011) and case law interpreting the statute;

(b) Contain confidential, technical, commercial, financial or business information that does not meet the statutory definition of a "trade secret" but that, like a trade secret, will lose some or all of its value if disclosed to the general public; or

(c) Contain individuals' personal financial information, social security numbers, home addresses, home and other personal telephone numbers.

Any document encompassing the above information contains information not readily available to the general public.  This Order is to preserve and maintain the confidentiality of certain limited confidential and proprietary information which may be disclosed by Church Mutual to the Plaintiff, specifically Church Mutual's underwriting file relative to Policy No. 0226224-02-092707, which includes account history information, pricing, discounts, plans, strategies and procedures for underwriting an insured's policy and determination of whether a policy is written and the premium therefore, as well as documentation regarding investigation procedures, training, compensation and retention and referral guidelines.  The Order is also intended to preserve and maintain the confidentiality of corporate, business, financial, loss history, revenue, strategy and costs of Church Mutual to the extent this information has not been redacted from the file prior to production, including all training manuals, policy guidelines, and procedural requirements used and relied on by Church Mutual in the investigation and adjustment of the claim, and the determination of when to assign a claim to an adjuster to estimate damage.   Good cause exists for this Agreed Protective Order.  This Order provides a basis for designating these documents confidential.

This Protective Order does not apply to any information or documents acquired by a receiving party from a third party without being designated confidential or similar material

unless the third party received the information or documents subject to any form of confidentiality protection.

## 2. Identification and Designation of Confidential Information or Trade Secrets

Each party or nonparty producing materials subject to the protections of this Protective Order (the "Designating Party") shall designate to the other parties which materials are considered confidential or trade secret. Information designated as confidential or trade secret shall be identified by the word "Confidential," which shall be placed on, or affixed to, each document and page thereof which contains Confidential Information.

The designation of any document or material as "Confidential" in this case carries with it the certification that the document or materials have been reviewed by counsel who have appeared in this case and that counsel has a good faith belief that such document or material are confidential under this Order and applicable law.

## 3. Protection of Confidentiality

Confidential Information and any notes, summaries, memoranda, exhibits or other documents which include or describe Confidential Information, shall be retained by counsel for the Party to whom disclosure of the Confidential Information was made (the "Recipient Party") and, except as provided in paragraphs four and five, shall not be disclosed to any person, or used by counsel for any party other than for purposes of this action. Persons to whom access to Confidential Information or depositions is given pursuant to this Protective Order shall keep such information and any copies, abstracts or summaries thereof secure in accordance with the purposes and intent of this Protective Order and shall adopt and employ all suitable precautions to ensure continued confidentiality, non-use and non-disclosure including, without limitation, such precautions as protection against unauthorized copying and provision for safekeeping.

4.    **Access to Confidential Information**

Except as provided in paragraph five below, or as set forth by Court order, persons entitled to have access to Confidential Information produced by another party shall be restricted to the parties; counsel for each party who are charged with the responsibility for, or are actively engaged in, preparation for trial or the trial of this action; employees of such counsel; consulting and retained experts; the officers or responsible employees of each party; the Court; any Special Masters and/or mediators appointed by the Court and their respective staff; and, any private mediators utilized in this case.

Furthermore, and except as provided in paragraph six below, or as set forth by Court order, Confidential Information may be shared with any entity or individual, including counsel for any such entity or individual, with whom a party has entered into a common interest or joint defense agreement (a "Common Interest Party"), provided that counsel for a Recipient Party will provide at least seven days written notice to counsel for the Designating Party of the Recipient Party's intent to provide Confidential Information to a Common Interest Party. This notice shall specify the information to be disclosed to the Common Interest Party and shall identify any further disclosure or use in other proceedings reasonably contemplated by the Common Interest Party.

If the Designating Party objects to disclosure of the specified Confidential Information to a Common Interest Party or to the intended further disclosure or use in other proceedings by the Common Interest Party, it shall notify the Party desiring to make said disclosure of its objection in writing within the seven (7) day period and the Designating Party shall move the Court within seven (7) days after it objects for a ruling on whether said Confidential Information may be so

disclosed. In the event of such a motion, disclosure of the Confidential Information to such a Common Interest Party shall not be made pending the ruling of the Court.

     5.    **Conditions to Access to Confidential Information**

Before disclosure of Confidential Information is made to any person specified in paragraph four, other than the Court; parties; officers and employees of parties; counsel for each party; and employees of such counsel as discussed in paragraph four, that person shall first read a copy of this Protective Order, agree to be bound by it. Each party's counsel shall maintain a list of all persons to whom they disclose Confidential Information and shall retain a copy of all agreements to be bound by the Protective Order signed by such persons. The recipient of any Confidential Information agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

     6.    **Limitations on Copying**

No copies, summaries, or abstracts of Confidential Information shall be made by a party or its trial attorneys, for distribution or use by persons other than those described in paragraph four.

     7.    **Depositions**

Any deposition or portion thereof during which Confidential Information is being disclosed shall be taken without any persons in attendance other than those described in paragraph four, the deposition witness and court reporters.

     8.    **Filing or Use of Confidential Information**

If a Recipient Party desires to make Confidential Information a matter of public record by making use of such Confidential Information in a non-sealed filing or at a hearing or trial in this

matter, the Recipient Party must notify the Designating Party within a reasonable time prior to using any such Confidential Information in a non-sealed filing or in open court to allow the Designating Party to file a motion to seal the Confidential Information and/or for in camera inspection, upon a showing of good cause.

If a motion to seal Confidential Information is granted, a redacted version of any document that refers to Confidential Information shall be filed on the public docket within seven business days of entry of an order granting leave to file an unredacted version under seal, and the Confidential Information shall remain subject to the provisions of this Order until and unless this Court orders otherwise. The fact that part of a transcript, document, or discovery response is filed under seal shall not thereby restrict any use which may be made of any part of such transcript, document, or discovery response not designated as confidential. The Designating Party shall agree to an extension of time for any deadline applicable to a filing by a Recipient Party containing or attaching Confidential Information sufficient to allow for the completion of the process described herein. If the Designating Party does not agree to such extension, it shall be deemed to have waived the Confidential designation as to such Confidential Information.

**9.      Time for Designation of Confidential Information**

Each Party shall, at the time of the deposition, if possible, but not later than ten (10) days following the date of mailing of the deposition transcript, designate those portions of the deposition testimony which it deems to contain Confidential Information. The entirety of each deposition transcript shall be treated as Confidential Information for a period of ten (10) days after receipt of the complete transcript.

10.    **Dispute as to Confidentiality**

Any party or member of the public may contest the confidential status of any information designated as Confidential Information as follows:  (a) if a party disagrees with any designation of any information, it shall provide written notice to counsel for the other parties and the Designating Party, and they shall attempt to resolve the dispute by agreement; (b) if the dispute is not so resolved within fifteen (15) business days of the receipt by Designating Party of the written notice of objection, the Designating Party may seek a determination by the Court regarding whether the designated information constitutes Confidential Information, as defined herein and In accordance with applicable case law, including decisions rendered by the United States Court of Appeals for the Tenth Circuit and the United States District Court for the District of Colorado concerning information that is properly the subject of an agreed protective order; (c) if the Designating Party seeks such a determination, the information shall continue to be kept confidential pending the Court's ruling; (d) at any hearing to determine the confidential status of any information, the Designating Party shall bear the burden of showing why such information should be confidential; and (e) if the Designating Party does not seek a determination by the Court as to whether the designated information at issue constitutes Confidential Information within fifteen (15) business days of written notice of objection, the designation as Confidential Information will be deemed to have been withdrawn and the protections of this Order will be deemed to have been waived as to the designated information subject to the objection.

11.    **Public Information**

Any information which has been designated as confidential and was also legally and properly within the public domain prior to its being designated confidential need not be treated as Confidential Information.  However, if such Confidential Information became available to the

public as a result of any conduct in violation of this order, such Confidential Information must still be treated as confidential under this Protective Order.

12.     **Other Persons**

Each party reserves the right to oppose on any grounds disclosure of any Confidential Information to persons not designated in paragraphs four.

13.     **Nonwaiver of Privilege**

The production by a party or nonparty of any privileged or arguably privileged materials or information shall not be deemed to be: (a) a general waiver of the attorney-client privilege, the work product doctrine or any other applicable privilege or protection; (b) a specific waiver of any such privilege with respect to the material being produced or any subject matter thereof; or (c) a waiver of any other rights the producing party or non-party may have under any applicable law.  Upon the producing party's or non-party's request, the parties agree to return to the producing party or non-party inadvertently produced privileged materials, unless there is a good faith dispute as to the confidentiality of the material. To the extent that there is a good faith dispute, the parties agree to treat the material as Confidential Information until the dispute can be addressed by the Court.

14.     **No Restriction on Use of Party's or Nonparty's Own Information**

Nothing in this Protective Order shall prevent a party or non-party from any use of its own confidential documents.

15.     **Retained Jurisdiction**

The parties' contractual agreements regarding the treatment of confidential information shall survive the termination of this litigation and shall continue in full force and effect thereafter.  Notwithstanding the survival of the parties' contractual agreements, the Court will not

retain jurisdiction over this Order following the termination of this litigation, including all appeals.

### 16.   **Amendment**

This Protective Order may be amended by the written agreement of counsel for the parties in the form of a stipulation that for the Court's consideration.

### 17.   **Disposition on Termination of Action**

After the final termination of this action, the outside counsel for a named party take reasonable measures to delete all copies. of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court, subject to the provisions of paragraph one hereof.  Nothing herein shall require the return or destruction of attorney work product.  Such material shall continue to be treated as designated under this Order.  After the final termination of this action, and unless the parties agree otherwise, each party shall:

(a) Assemble and make available for return to the Designating Party all materials and documents, containing Confidential Information;

(b) Certify in writing that the procedures set forth above have been completed; and

(c) Agree not to disclose the substance of any Confidential Information revealed to it by the Designating Party.

Within thirty (30) days after final termination of the above-captioned litigation, outside counsel for a named party shall retrieve from the Court all Confidential Information that it filed with the Court during this case and return or dispose of such information in accordance with this paragraph.

### 18.   **Challenges to the Protective Order by Third Parties**

Any third party may challenge the provisions of the Protective Order by filing the appropriate action with this Court.

**19.**     <u>**Request for Production of Confidential Information**</u>

Any person or party receiving Confidential Information that receives a request or subpoena for production or disclosure of Confidential Information shall promptly give notice to the Designating Party identifying the information sought and enclosing a copy of the subpoena or request.  Provided that the Designating Party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the Designating Party or until ordered by a court of competent jurisdiction.

**22.**     <u>**Consistency with Local Rules and Orders from the Court**</u>

To the extent that any portion of this protective order conflicts with the Local Rules of this Court (procedurally or substantively) or any subsequent Order of this Court, the Local Rules and/or subsequent Order of this Court will control.

Dated this 3rd day of March, 2015.


**SO ORDERED:**



_____

Kathleen M. Tafoya
United States Magistrate Judge

SO AGREED:                                SO AGREED:

MONTVIEW BOULEVARD                        CHURCH MUTUAL INS. CO.
PRESBYTERIAN CHURCH,


**s/ ANDREW PLUNKEE**                              **s/ SCOTT HOYNE**
Andrew Plunkett, Esq.                     Scott Hoyne, Esq.
Childress Duffy, Ltd.                     JOHNSON & BELL, LTD.
500 N Dearborn Street, Suite 1200         33 W. Monroe St., Suite 2700
Chicago, IL 60654                         Chicago, IL  60603
T: 312-494-0200                           (312) 984-0221
aplunkett@childresslawyers.com            hoynes@jbltd.com