IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01635–MSK–KMT

MONTVIEW BOULEVARD PRESBYTERIAN CHURCH, a Colorado nonprofit corporation,

     Plaintiff/Counterclaim Defendant,

v.

CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin insurance company,

     Defendant/Counterclaim Plaintiff.

---

## ORDER

---

This matter is before the court on "Non-Party John Kezer's Motion to Quash Subpoena with Authority" [Doc. No. 103] filed on November 20, 2015.  Church Mutual Insurance Company ("Church Mutual") filed its Response on December 7, 2015 [Doc. No. 119], and "Non-Party John Kezer's Reply to Church Mutual Insurance Company's Response [Dkt. 119] to Kezer's Motion to Quash Subpoena [Dkt. 103]" ("Reply") was filed on December 14, 2015 [Doc. No. 134].

Also considered are Non-Parties Judah Leon Bensusan, Atlantis Claims Services, LLC ("Atlantis Claims"), Roofing and Restoration Construction Group, Inc. and Top Notch Adjusters' "Forthwith Motion for Limited Stay of Discovery" [Doc. No. 145], Non-Parties Phillip Coutu, Rooftop Restorations, Inc., Power Adjusters, Inc., Rooftop Restoration & Builders, Inc., Rooftop Roofing, Inc., Rooftop Restoration, Inc., and AAA Rooftop Roofing,

Inc.'s "Forthwith Motion for Limited Stay of Discovery" [Doc. No. 149], and Church Mutual's

Consolidated Response [Doc. No. 156].

### Background

Defendant Church Mutual is seeking discovery on its counterclaims related to three non-

parties and their related business entities with respect to a damage award made through an

appraisal process outlined in an underlying policy of insurance coverage between Defendant and

Plaintiff Montview Boulevard Presbyterian Church ("Montview").  To that end, during the

discovery period related to the Counterclaim, Church Mutual issued third-party subpoenas

seeking documents from or about the non-party individuals and their companies.  In response to

the subpoenas, each of the three individuals filed separate motions to quash.  [Doc. Nos. 103,

104 and 110.]  The three motions to quash were considered at a hearing on December 17, 2015.

(*See* Transcript [Doc. No. 138].)  This court entered an order denying, in whole or in part, two of

the motions to quash [Doc. Nos. 104 and 110] and took the third motion, John Kezer's [Doc. No.

103], under advisement.

The primary outstanding issue with respect to non-party Kezer's Motion to Quash

concerns whether or not the appraisal provision contained in the insurance policy is properly

classified as an arbitration clause thus subjecting the proceedings to the Colorado Uniform

Arbitration Act ("CUAA").  *See* Colo. Rev. Stat. 13-22-201 *et. seq*.  If the appraisal process is

deemed an arbitration, discovery directed to the arbitrators is limited by the CUAA.

This court's rulings on December 17, 2015, as to the other two motions were not

dependent upon a determination concerning the applicability of the CUAA to the appraisal

process because the court found Church Mutual had met its burden to present *prima facie*

evidence justifying discovery even if the CUAA applied as to discovery against Bensusan and

his entities and Coutu and his entities.  As to umpire Kezer, however, the court took under

advisement the CUAA issue, finding it necessary to reach the applicability of the CUAA in his

case where *prima facie* evidence of wrongdoing was implicitly not found by the court.

Upon further review, the court finds that the insurance policy's appraisal process is not an

arbitration subjecting appraisals to the provisions of the CUAA.

**Analysis**

The appraisal provision applicable to this case provides, in part,

**PROPERTY CONDITIONS**

This Property Coverage Part is subject to the Common Policy Conditions, any
other conditions in any Property Coverage Forms, and the following conditions.
. . .

**LOSS CONDITIONS**

. . .

2. Appraisal
If we and you disagree on the value of the property or the amount of loss, either
may make written demand for an appraisal of the loss. In this event, each party
will select a competent and impartial appraiser. The two appraisers will select an
umpire. If they cannot agree, either may request that selection be made by a judge
of a court having jurisdiction. The appraisers will state separately the value of the
property and amount of loss. If they fail to agree, they will submit their
differences to the umpire. A decision agreed to by any two will be binding. (Ex.
A, pg. 40) (Emphasis Added)

(Counterclaim to Vacate Appraisal [Doc. No. 92] at ¶ 11.)

Defendant's counterclaim brings two claims: the first to Vacate the Appraisal Award

Pursuant to Colo. Rev. Stat. § 13-22-223(1)(b) and the second to Vacate the Appraisal Award

Pursuant to Colo. Rev. Stat. § 13-22-223(1)(a).  Sections 13-22-223(1)(a) and (b) are part of the

CUAA.  Church Mutual alleges, however, its counterclaims "set forth adequate law, facts and

policy language, which are all interpreted under the liberal backdrop of Rules 8 and 10(c) that give rise to causes of action to vacate the appraisal award under both the CUAA and the Policy." (Response to Bensusans Entities' Rule 72(A) Objections [Doc. No. 159] at ¶ 22.)  Therefore, Church Mutual argues that whether this court finds the appraisal process outlined in the policy to have created an arbitration procedure or not is irrelevant to its right to proceed in obtaining discovery pertaining to the counterclaims.

The law in this District grappling with whether the appraisal provisions often found in property insurance policies should be subject to the CUAA has been evolving for the last several years.  In June of 2015, this court noted that two decisions from the Colorado District Courts had discussed whether policy provisions concerning appraisal processes like the one at issue here are properly "classified as an arbitration" under the CUAA.  *Laredo Landing Owners Ass'n, Inc. v. Sequoia Ins. Co.*, No. 14-CV-01454-RM-KMT, 2015 WL 3619205, at *1-2 (D. Colo. June 10, 2015 (examining *Lim v. Am. Economy Ins. Co.,* No. 13–cv–02063–CMA–KLM, 2014 WL 146440, at *4 (D. Colo. Apr. 14, 2014) and *Auto–Owners Ins. Co. v. Summit Park Townhome Ass'n*, 100 F. Supp. 3d 1099, 1103 (D. Colo. Apr. 14, 2015)).  At the time the *Laredo* order was entered, *Lim,* decided by Magistrate Judge Kristen L. Mix, was the only District of Colorado federal case squarely holding that an insurance policy appraisal process should be treated as an arbitration pursuant to the CUAA.[1]  As explained by Magistrate Judge Mix in *Lim,* "the appraisal process itself—which is limited to determining the amount of loss—is binding on both parties. This process fits many courts' definitions of arbitration, including the Tenth Circuit's definition

---

[1] The Tenth Circuit had held that an appraisal process did <u>not</u> constitute an arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.  Salt Lake Tribune Publ'g Co., LLC v. Management Planning, Inc.,* 390 F.3d 684 (10th Cir. 2004).

. . . ." *Lim,* 2014 WL 146440, at *3 (citing *Salt Lake Publ'g Co.*, 390 F.3d at 689).  In *Laredo*, however, this court was examining the issue in the context of whether completion of an appraisal process outlined in an insurance policy was a prerequisite to filing suit and whether, in that case, a timely appraisal had been requested by the insured.  Drawing partially on Colorado's tradition of supporting alternative dispute resolution mechanisms when contractually bargained for, the court cited with approval many of the statements in *Lim* and ordered the parties to participate in an appraisal process, but did not specifically find that the appraisal process in an insurance policy is, in fact, an arbitration subject to the CUAA.

Senior District Judge Babcock in April of 2015 had similarly not specifically disagreed with the holding in *Lim* in the *Summit Park Townhome* decision, stating, "[a]lthough I do not address at this juncture the applicability of the CUAA to this case, at a minimum the CUAA demonstrates a strong public policy in favor of alternative dispute resolution processes like appraisal." *Id*.

Less than a week after this court's Order in *Laredo*, however, Senior District Judge Richard P. Matsch addressed the issue head-on in *KCOM, Inc. v. Employers Mut. Cas. Ins. Co.*, No. 14–cv–01854–RPM (D. Colo. June 16, 2015), appeal docketed, No. 15–1218 (10th Cir. June 24, 2015).  Judge Matsch noted in *KCOM* that the appraisal provision reserved to the insurance company its "right to deny the claim," likely in recognition of the fact that, whatever the amount of the loss, other parts of the policy or applicable law could limit coverage or preclude it altogether.  Judge Matsch stated, while "the appraisal clause in this case says it's binding, it also says if there is an appraisal . . . we'll still retain our right to deny the claim[,] which is a pretty important proviso." *Id.*, Hearing Transcript at 6 [Doc. No. 43].  Just as in *KCOM*, Church

Mutual retained its right to deny the claim, even if the appraisal was completed.  *See* Reply at 3.

Judge Matsch further stated, while appraisal could "give figures for the value of the property," it

would resolve only "a part of the overall dispute" between the parties; it would not resolve other

issues, like whether the policy provided coverage for complete replacement of a particular roof.

*Id.* at 6–7.  Accordingly, relying in part on *Salt Lake Tribune Publ'g*, Judge Matsch concluded

that "[a]ppraisal is not arbitration under the Colorado [Uniform] Arbitration Act." *See id*; Minute

Entry [Doc. # 36], No. 14–cv–01854–RPM.

 Just two months after *KCOM*, Senior Judge Babcock was compelled to confront the issue

again in *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, No. 14-CV-03417-LTB, 2015

WL 5284704, at *2-3 (D. Colo. Sept. 10, 2015).  Judge Babcock, too, found persuasive the Tenth

Circuit's holding in *Salt Lake Tribune Publ'g Co.* that "an appraisal process did not constitute an

arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*" and opined that the FAA,

"like the CUAA, does not define the term."  *Id.*  After analyzing the specific facts in *Summit

Park Townhome*, Judge Babcock concluded that "the appraisal process set forth in the policy is

not an arbitration under the CUAA."  *Id.*

 The weight of authority in this District has now strengthened, with two District Court

judges extending the Tenth Circuit's conclusion as to the Federal Arbitration Act to Colorado's

Arbitration Act, thus favoring an interpretation that the appraisal process in this case, like in

*Summit Park Townhome* and *KCOM*,[2] is not an arbitration proceeding subject to the CUAA.  As

---

[2] The Tenth Circuit will likely reach this issue directly on the appeal in *KCOM* where the opening brief suggests that whether an appraisal process in an insurance policy is an arbitration under the CUAA is squarely presented as a primary appellate issue.  *See KCOM Inc. V. Employers Mutual Casualty Company*, No. 15-1218, 2016 WL 47280 (10th Cir. 2016) (Appellant's Opening Brief).

the features of Church Mutual's insurance policy largely mirror those in *Summit Park Townhome* and *KCOM* , this court finds the two District court decisions persuasive and adopts the same logic and conclusion.

"Central to any conception of classic arbitration is that the disputants empowered a third party to render a decision settling their dispute . . . 'through to completion.' " *Salt Lake Tribune Publ'g Co.*, 390 F.3d at at 689–90 (quoting *Harrison v. Nissan Motor Corp.*, 111 F.3d 343, 350 (3d Cir. 1997)). The process here, under which a decision must be "agreed to by any two [of the appraisers and the umpire]" would not settle the parties' disagreement over the amount of the loss if no two can agree. *See Enzor v. N. Carolina Farm Bureau Mut. Ins. Co.*, 473 S.E. 2d 638, 640 (1996) (holding that appraisal award signed only by umpire was invalid because "umpire's signature alone fails to demonstrate that at least one other appraiser concurred in the award" and that, on remand, the case would need to "be submitted to the court for resolution by trial or otherwise" if an appraiser's signature could not be obtained). Even in this case, where apparently both appraisers and the umpire all agreed on the ultimate award, the parties' dispute was not actually settled by payment of the full amount of the loss. This is evident from the pending case brought by insured Montview against its insurance company, Church Mutual, notwithstanding Church Mutual's undisputed full payment of the award. As one court has noted, "appraisal establishes only the amount of a loss and not liability for the loss under the insurance contract," whereas "arbitration is a quasi-judicial proceeding that ordinarily will decide the entire controversy." *Minot Town & Country v. Fireman's Fund Ins. Co.*, 587 N.W.2d 189, 190 (N.D. 1998); *see also Portland Gen. Elec. Co. v. U.S. Bank Trust Nat. Ass'n as Tr. for Trust No. 1*, 218 F.3d 1085, 1090 (9th Cir. 2000) (noting that, while "arbitration agreements permit arbitrators to

resolve pending disputes between the parties and to determine ultimate liability, generally through adversary hearings at which evidence is admitted and the arbitrator plays a quasi-judicial role," appraisal agreements provide for the "submission of isolated issues to an appraiser" and do not "usurp the judiciary's power to resolve the case as a whole."); *St. Charles Parish Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co.*, 681 F. Supp.2d 748, 758 (E.D. La. 2010).

Further, certain provisions of the CUAA are simply inapposite in the appraisal context. For example, the CUAA provides that an "arbitrator may issue a subpoena for the attendance of a witness and for the production of records and other evidence at any hearing and may administer oaths." *Summit Park Townhome*, at 2-3; Colo. Rev. Stat. § 13–22–217(1). Further, an arbitrator "may permit such discovery as the arbitrator decides is appropriate in the circumstances." Colo. Rev. Stat. § 13–22–217(3). If applied to appraisals, such provisions would transform a process that has traditionally been informal into a quasi-judicial proceeding. *See Hartford Lloyd's Ins. Co. v. Teachworth*, 898 F.2d 1058, 1062 (5th Cir. 1990) ("Appraisals are informal. Appraisers typically conduct independent investigations and base their decisions on their own knowledge, without holding formal hearings."); *McDonnell v. State Farm Mut. Auto. Ins. Co.*, 299 P.3d 715, 722 (Alaska 2013) ("Appraisal follows an expedited timeline and is resolved by a panel of independent appraisers, while arbitration is a quasi-judicial proceeding that is governed by a much more detailed statutory scheme and includes formal evidentiary hearings with depositions and witness testimony."). It seems unlikely that either the Colorado legislature or the parties to the instant insurance contract could have intended such a transformation without expressly saying so. *See Summit Park Townhome*, 2015 WL 5284704 at 2.

I therefore conclude that the appraisal process undertaken in connection with this litigation was not an arbitration and is not subject to the provisions of the CUAA.  Therefore, the court rejects umpire Kezer's position that he is protected by Colo. Rev. Stat. § 13-22-204(4)(a), disqualifying him as a witness and prohibiting discovery directed to him absent a *prima facie* showing that a valid ground for vacating an award exists.

**Stay of Discovery Pending Ruling on Objection**

On December 17, 2016, having found that Church Mutual had established *prima facie* evidence that a valid ground for vacating the award rendered in the appraisal process existed, the court denied motions of Philip Coutu and his companies and Leon Bensusan and his companies to quash subpoenas and ordered that specified discovery move forward.  Both Coutu and Bensusan and their entities have filed objections to this court's ruling on these non-dispositive matters. *See* Doc. Nos. 142 and 148.  Both motions rely on arguments that the CUAA applies to the appraisal process and therefore discovery is improper.  Having determined that the weight of authority in this District when interpreting Colorado law strongly supports a finding that the CUAA does not apply to the appraisal process in this case and considering the burden on the non-parties to establish that this court's order is "clearly erroneous or contrary to law" (28 U.S.C. § 636(b)(1)(A); F.R.C.P. 72(a)), this court determines that a stay of the ordered discovery is not warranted.

The filing of an objection, pursuant to Fed. R. Civ. P. 72(a), to an order by a magistrate judge concerning a discovery issue does not stay the discovery to which the motion is directed. Further, any motion for a stay of a Magistrate Judge's order shall be supported by good cause. D.C.COLO.LCivR 30.2(b).  In addition to the high burden of proof and weight of the legal

support for this court's rulings, this court nevertheless additionally analyzes the following factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006), to determine good cause under Local Rule 30.2(b): (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Concerning the counterclaims to which discovery is directed at this phase of the case, Church Mutual has an interest in proceeding expeditiously with obtaining discovery.  Currently the deadline for counterclaim discovery is January 28, 2016, although a motion to extend that date given the time taken up with the motions to quash is pending.  [Doc. No. 155.]  The case has been pending in this court since June 11, 2014, and discovery on Plaintiff's claims is largely complete.  The discovery which the court ordered as to the non-parties is not burdensome on them.  Much of the discovery is directed at banks and other entities which may be holding categories of documents.  The parties have agreed to protective orders that can protect confidential documents from further disclosure.  I find, therefore, with respect to factors 2 and 4, that the burden of discovery on the non-parties is not undue given the nature of the allegations and the participation in the case by Mr. Coutu and Mr. Bensusan and their companies.  Philip Coutu's company is the public adjuster for the insured plaintiff and has a financial interest in the outcome of the litigation.  The allegations are numerous, as evidenced by the court's finding with respect to the *prima facie* showing of wrongdoing, that Mr. Coutu and his business associate Leon Bensusan may have improperly proceeded in the appraisal process.  Alternatively, the court recognizes that if the parties go forward and comply with this court's order, their objections to

the District Court may become moot with respect to the required discovery production.  The

issue raised in the objections, however, will remain viable for other issues in the case.  Finally,

the court finds that the public interest will not be affected by requiring that the non-parties

proceed to produce with the discovery as ordered and under agreed protective orders or

protective orders crafted by the court.

Stays of discovery are generally disfavored in this district.  *See*, *e.g.*, *Chavez v. Young*

*Am. Ins.* Co., No. 06–2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007).  Here, Movants have

failed to demonstrate good cause to stay the execution of the December 17, 2015, order pending

resolution of their objections.

It is **ORDERED**

"Non-Party John Kezer's Motion to Quash Subpoena with Authority" [Doc. No. 103] is

**DENIED**.

Non-Parties Judah Leon Bensusan, Atlantis Claims Services, LLC, Roofing and

Restoration Construction Group, Inc. and Top Notch Adjusters' "Forthwith Motion for Limited

Stay of Discovery**"** [Doc. No. 145] is **DENIED**.

Non-Parties Phillip Coutu, Rooftop Restorations, Inc., Power Adjusters, Inc., Rooftop

Restoration & Builders, Inc., Rooftop Roofing, Inc., Rooftop Restoration, Inc., and AAA

Rooftop Roofing, Inc.'s "Forthwith Motion for Limited Stay of Discovery" [Doc. No. 149] is

**DENIED**.

Dated this 20th day of January, 2016.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge